# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. MOFFITT,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:13-1519** |
| v. | : | **(JUDGE MANNION)** |
| **TUNKHANNOCK AREA SCHOOL DISTRICT and the TUNKHANNOCK AREA SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS,** | : | |
| **Defendants.** | : | |
| | : | |

# **MEMORANDUM**

Pending before the court is the plaintiff's motion *in limine* to exclude any evidence regarding the plaintiff's two state court misdemeanor convictions for Driving Under the Influence ("DUI") in 2011 and 2015, respectively.[1] (Doc. 53). This action stems from the plaintiff's suspension from his elementary school principal position, without pay, for alleged improper administration of tests to students in the Tunkhannock Area School District. (Doc. 25). For the reasons discussed below, the plaintiff's motion is **GRANTED**.

---

[1] See Commonwealth v. Moffitt, CP-66-CR-0000296-2010 (Wyoming Cnty. 2010); Commonwealth v. Moffitt, CP-66-CR-0000231-2014 (Wyoming Cnty. 2014).

**I.     DISCUSSION**

The facts and background of this case are set forth in detail in the court's memorandum resolving the defendants' motion for summary judgment. (Doc. 50). On June 6, 2013, the plaintiff, Joseph P. Moffitt, filed a complaint alleging eight different causes of action against the defendants, the Tunkhannock Area School District (the "District") and the Tunkhannock Area School District Board of Directors (the "Board"). (Doc. 1). The plaintiff requested compensatory damages, punitive damages, attorney's fees, and other damages. The plaintiff allegedly went without salary from June 7, 2012 until his reinstatement on January 28, 2013 for a total of 242 days. (Doc. 25 at ¶31). Only the plaintiff's cause of action for infringement of his due process rights remains in the case following disposition of the defendants' motion for summary judgment.

On March 4, 2016, the plaintiff filed a motion *in limine*, along with a supporting brief. (Doc. 53, Doc. 54). The plaintiff argues that any evidence regarding his DUI convictions should be excluded as irrelevant under Rule 402 and prejudicial under Rule 403 of the Federal Rules of Evidence. On March 11, 2016, the defendants filed a brief opposing the plaintiff's motion *in limine*, asserting that they do not wish to offer this evidence for purposes of impeachment of the plaintiff but for his failure to mitigate damages. (Doc. 56).

Specifically, the defendants argue that, because the plaintiff was allegedly incarcerated for the DUI offenses, he was unable to work at the time and therefore failed to mitigate his damages. The plaintiff filed a reply brief on March 14, 2016, (Doc. 57), casting doubt on the veracity of the defendants' allegations. According to the plaintiff, he was never incarcerated, and in addition, he could not seek alternate employment because he was still employed by the District and continued to receive benefits.

Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). In considering motions *in limine,* "[t]he Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). This inclusiveness is demonstrated by way of Rule 401's expansive definition of relevant evidence, Rule 402's definition of the admissibility of relevant evidence in sweeping terms, and Rule 403's description of the grounds for exclusion as an exception to the general rule favoring admission

of relevant evidence. Id. at 196-97. Rule 402 expansively permits the admission of all "relevant evidence," defined as "[having] any tendency to make a fact more or less probable than it would be without the evidence," with that fact being "of consequence in determining the action." F. R. Evid. 401. Rule 403 nonetheless permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." These broad principles define the court's discretion in considering motions *in limine*.

The defendants seek to introduce evidence regarding the plaintiff's prior DUI convictions solely for purposes of demonstrating "Plaintiff's refusal or inability to mitigate his damages," since he was purportedly incarcerated. (Doc. 56 at 4). Rule 404(b) provides that evidence of a "crime, wrong, or other act" is not admissible to show that an individual acted in accordance with this character on a particular occasion. The evidence, however, may be admissible for "another purpose," such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In Huddleston v. United States, 485 U.S. 681, 691-92 (1988), the Supreme Court has held that admissibility under Rule 404(b) requires: "(1) a proper evidentiary

4

purpose; (2) relevance under FRE 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under FRE 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used." United States v. Mastrangelo, 172 F.3d 288, 294-95 (3d Cir. 1999) (citations omitted).

The defendants desire to introduce the plaintiff's prior bad acts, namely his DUI convictions, not to prove character but for another purpose, "*i.e.* damages." (Doc. 56 at 4). While criminal records have been admitted for purposes of damages by other courts under Rule 404(b)(2), see, e.g., Palmer v. Lampson Int'l, LLC, No. 11-CV-199-J, 2012 WL 10918920, at *3 (D. Wyo. Nov. 28, 2012), the defendants have failed to provide factual support for their allegations and demonstrate the relevance of the DUI convictions under Rule 402. The defendants merely provide citations to the plaintiff's Wyoming County criminal cases. Nowhere do the defendants state when exactly the plaintiff was allegedly incarcerated or for how long. An examination of the dockets - which were freely at the disposal of the defendants - do not establish that the plaintiff was incarcerated during the alleged period of wrongful suspension for any notable period of time. With respect to the 2011 conviction, the plaintiff was admitted into the Accelerated Rehabilitative Disposition ("ARD") Program and

5

was ordered to attend the Alcohol Save Driving School. 75 Pa.C.S.A. §1552. With respect to the 2015 conviction, the docket also does not indicate that the plaintiff was sentenced to incarceration. Further, the prejudicial effect of the convictions far outweighs their probative value. As the plaintiff argues, the jury may focus on the evidence of the prior bad acts and prevent the plaintiff from receiving fair consideration of his claims. The defendants have failed to fulfill the requirements for admission of the evidence under Rule 404(b)(2), in accordance with the Supreme Court precedent of Huddleston, or under any Federal Rule of Evidence.

Significantly, the plaintiff also maintains that he was still employed by the District and even received benefits during the period of wrongful suspension, and therefore he could not apply for any other jobs. The record supports the assertion that the plaintiff was still employed and receiving benefits during his suspension. See Doc. 1 at 21 (June 7, 2012 letter from Superintendent Michael J. Healey to the plaintiff confirming the plaintiff's suspension without pay, but with benefits, effective on June 8, 2012 until the School Board held a termination hearing). Although the plaintiff surely was capable of applying for other jobs, the court does not find that the plaintiff failed to mitigate his damages by not obtaining another job, in light of the possibility of his

6

suspension being lifted, which is what ultimately occurred.

**II.   CONCLUSION**

Given that the sequence of events relating to the plaintiff's DUI convictions fall entirely outside the period of suspension, and that the plaintiff was not incarcerated for any notable period of time, it is difficult to find that the plaintiff's criminal record has any relevance to the issue of damages. In that respect, the court reminds counsel for the defendants to perform their due diligence before making any representations to the court. Further, the court finds that the probative value of the evidence is profoundly outweighed here by the risk of unfair prejudice, and hence, evidence regarding the plaintiff's DUI convictions in 2011 and 2015, respectively, are not admissible. For the reasons stated above, the plaintiff's motion *in limine* is granted. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 1, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1519-03.wpd